UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

_____

JAMES VAN WINKLE, Individually,

        Plaintiff,

vs.                                      Case No.

IMPERIAL IMPROVEMENTS, LLC,
a New York Limited Liability Company
d/b/a Imperial Plaza Shopping Center,

        Defendant.
_____

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, JAMES VAN WINKLE, Individually, on his behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, IMPERIAL IMPROVEMENTS, LLC, a New York Limited Liability Company d/b/a Imperial Plaza Shopping Center (sometimes referred to as "Defendant"), for Injunctive Relief, for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the New York Executive Section 296(2)(a) Law Against Discrimination and New York Civil Rights Law § 40, and allege:

### JURISDICTION

1. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §1331 and §1343, as to Plaintiff's Federal claims, and 28 U.S.C. §1367, for claims brought under New York law.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## COUNT I

## THE PARTIES AND STANDING

1. Plaintiff, James Van Winkle, is an individual residing in Montgomery County, Texas.

2. Defendant's property, Imperial Plaza Shopping Center, is located at 1548-1574 Route 9, Wappingers Falls, NY 12590, in the County of Dutchess.

3. Venue is properly located in the Southern District of New York because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. §2201 and §2202.

5. Mr. Van Winkle was born and raised in Kingston, NY and returns to the area to visit with his family. Plaintiff James Van Winkle is sui juris and qualifies as an individual with disabilities as defined by the ADA. Mr. Van Winkle sustained a spinal cord injury with multiple spinal fractures, paraplegia, and uses a wheelchair to ambulate.

6. While visiting the property known as Imperial Plaza Shopping Center, the Plaintiff encountered architectural barriers at the subject property, which have impaired Mr. Van Winkle's ability to park close to an accessible entrance, to access the premises safely, to use restrooms safely, and to access goods and services at the premises.

7. Mr. Van Winkle plans to return to the property once the barriers to access are

corrected and the facility becomes fully accessible, so that Mr. Van Winkle may avail himself of the goods and services offered to the public at the property.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is a shopping center known as Imperial Plaza Shopping Center, and is located at 1548-1574 Route 9, Wappingers Falls, NY 12590, in the County of Dutchess.

9. JAMES VAN WINKLE has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Mr. Van Winkle travels to New York to visit with friends and family who reside in New York. James Van Winkle desires to visit the Imperial Plaza Shopping Center not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26,

1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Imperial Plaza Shopping Center has shown that violations exist. These violations that Mr. Van Winkle has personally observed or encountered include, but are not limited to:

### Parking

a. The plaintiff had difficulty exiting the vehicle as the required access aisle is not provided. Violation: There are disabled use spaces with access aisles that are less than 5 ft. wide, violating Sections 4.1.2(5), and 4.6.3 of the ADAAG, whose resolution is readily achievable.

b. The plaintiff had difficulty exiting the vehicle, as the designated parking space access aisle was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Section 4.6.3 of the ADAAG, whose resolution is readily achievable.

c. The plaintiff had difficulty exiting the vehicle, as the designated parking space was located on an excessive slope. Violation: Some of the disabled use spaces are located on a slope in violation of Section 4.6.3 of the ADAAG, whose resolution is readily achievable.

d. The plaintiff had difficulty accessing the facility as the designated accessible parking area is located too far from the facility entrance. Violation: Some of the accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG, whose resolution is readily achievable.

### Entrance Access and Path of Travel

a. The plaintiff experienced a hazardous situation as the curb ramp protrudes into the vehicular pathway. Violation: There are curb ramps at the facility that project into vehicular areas in violation of Section 4.7.6 of the ADAAG, whose resolution is readily achievable.

b. The plaintiff had difficulty using some of the curb ramps, as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Section 4.7.2 of the ADAAG, whose resolution is readily achievable.

c. The plaintiff had difficulty traversing the path of travel, as there are non-compliant cross slopes present. Violation: The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG, whose resolution is readily achievable.

4

      d.      The plaintiff had difficulty using the ramp, as it was located on an excessive slope. Violation: There are ramps at the facility that contain excessive slopes in violation of Section 4.8.2 of the ADAAG, whose resolution is readily achievable.

      e.      The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the street, sidewalk, between buildings, and parking areas. These are violations of the requirements in Sections 4.3.2, 4.3.8, 4.5.2, and 4.7.1 and of the ADAAG, whose resolution is readily achievable.

### **GOLDEN MANGO SUPERMARKET**

### **Public Restrooms**

      a.      There are permanently designated interior spaces without proper signage in violation of Section 4.1.3(16) and 4.30 of the ADAAG, whose resolution is readily achievable.

      b.      The plaintiff lock the restroom door without assistance as the door lock hardware was mounted too high. Violation: The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

      c.      The plaintiff had difficulty using the toilet without assistance, as it was not mounted at the required distance from the wall. Violation: The water closetis mounted at a non-compliant distance from the wall in violation of Section 4.16.2 of the ADAAG, whose resolution is readily achievable.

      d.      The plaintiff had difficulty using the rear grab bar as it was not the mounted at the required height. Violation: The grab-bars do not comply with the requirements prescribed in Sections 4.16.4 and 4.26 of the ADAAG, whose resolution is readily achievable.

      e.      The plaintiff had difficulty using the side grab bar as it was not the mounted at the required height. Violation: The grab-bars do not comply with the requirements prescribed in Sections 4.16.4 and 4.26 of the ADAAG, whose resolution is readily achievable.

## LONGOBARDI RESTAURANT

### Entrance Access and Path of Travel

a. The plaintiff had difficulty entering the tenant space as the door threshold was too high. Violation: There are rises at the thresholds of entrances at the facility in excess of 1/2 of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG, whose resolution is readily achievable.

b. The plaintiff had difficulty locating the accessible entrance. Violation: There are inaccessible entrances without the provision of directional signage that show the location of the accessible entrance, violating Sections 4.1.2(7), and 4.30 of the ADAAG, whose resolution is readily achievable.

### Access to Goods and Services

a. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG, whose resolution is readily achievable.

b. The plaintiff could not utilize the tables for their intended use, as the tables did not provide the required knee and toe clearance. Violation: The tables do not provide the required knee height and/or depth ranges in violation of Section 4.32.3 of the ADAAG, whose resolution is readily achievable.

c. The plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36" high, in violation of Section 7.2(1) of the ADAAG, whose resolution is readily achievable.

### Public Restrooms

a. The plaintiff could not close the restroom door as it did not have required door hardware. Violation: The restroom door does not provide hardware that complies with Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

b. The plaintiff had difficulty using the toilet without assistance, as it was not mounted at the required distance from the wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.16.2 of the ADAAG, whose resolution is readily achievable.

c. The plaintiff could not transfer to the toilet in the accessible toilet compartment, as the grab bars were not mounted at the required locations. Violation: Compliant grab bars are not provided in the accessible toilet compartment in violation of Sections 4.17.6 and Figure 30(a) of the ADAAG, whose resolution is readily achievable.

      d.    The plaintiff could not use the toilet compartment without assistance as the required turning space is not provided: Violation: The toilet compartments provided for public use at the facility are in violation of Section 4.17.3 of the ADAAG, whose resolution is readily achievable.

      e.    The plaintiff could not use the lavatory without assistance. Violation: There are lavatories in public restrooms without the required knee/toe clearances provided, in violation of the requirements in Section 4.19.2 of the ADAAG, whose resolution is readily achievable.

      f.    The plaintiff could not use the paper towel dispenser without assistance as it was mounted at a location where the clear floor space to access it was not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG, whose resolution is readily achievable.

      g.    The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

## BX BAGEL FACTORY RESTAURANT

### Entrance Access and Path of Travel

      a.    The plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.2.1 and 4.3.3 of the ADAAG, whose resolution is readily achievable.

### Access to Goods and Services

      a.    There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG, whose resolution is readily achievable.

      b.    The plaintiff could not utilize the tables for their intended use, as the tables did not provide the required knee and toe clearance. Violation: The tables do not provide the required knee height and/or depth ranges in violation of Section 4.32.3 of the ADAAG, whose resolution is readily achievable.

### Public Restrooms

      a.    There are permanently designated interior spaces without proper signage in violation of Section 4.1.3(16) and 4.30 of the ADAAG, whose resolution is readily achievable.

b. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained in violation of Sections 4.19.4 and 36.211 of the ADAAG, whose resolution is readily achievable.

c. The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

d. The plaintiff could not use the soap bottle without assistance, as it required a tight grasp to operate. Violation: The soap dispensers require a tight grasp and twist to operate in violation of Section 4.27.4 of the ADAAG, whose resolution is readily achievable.

e. The plaintiff could not use the soap dispenser without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG, whose resolution is readily achievable.

**SUBWAY RESTAURANT**

**Entrance Access and Path of Travel**

a. The plaintiff could not enter the store without assistance, as the required maneuvering clearance was not provided. Violation: The entrance door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

**Public Restrooms**

a. The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

b. The plaintiff could not use the soap dispenser without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG, whose resolution is readily achievable.

c. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained in violation of Sections 4.19.4 and 36.211 of the ADAAG, whose resolution is readily achievable.

d. The plaintiff could not transfer to the toilet as the required grab bars were not provided. Violation: Compliant grab-bars are not provided in the restroom in

violation of Sections 4.16.4 and 4.26 of the ADAAG, whose resolution is readily achievable.

   e. The plaintiff had difficulty using the toilet without assistance, as it was not mounted at the required distance from the wall. Violation: The water closetis mounted at a non-compliant distance from the wall in violation of Section 4.16.2 of the ADAAG, whose resolution is readily achievable.

   f. The plaintiff could not transfer to the toilet, as the grab bars were not mounted at the required locations. Violation: Compliant grab-bars are not provided in the restroom in violation of Sections 4.16.4 and Figure 29 of the ADAAG, whose resolution is readily achievable.

12. The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

13. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

16. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to

and useable by individuals with disabilities as defined by the ADA.

18. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Imperial Plaza Shopping Center to make the facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

   c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

   d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II**

**VIOLATION OF NEW YORK CIVIL RIGHTS LAW**

20. Plaintiff realleges all prior obligations as if fully set forth herein.

21. New York Law provides that it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or *disability* or marital status of any person, directly or indirectly..... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof........N.Y. Exec. Law Section 296(2)(a).

22. For the purposes of the foregoing paragraph, "discriminatory practice" includes:

  A. A refusal to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodation to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

  B. A refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such a person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden; and

  C. A refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities......, where such removal is readily achievable......N.Y. Exec. Law Section 296(2)(c).

23. Pursuant to N.Y. Exec. Law Section 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages."

24. Due to Defendant's discrimination and failure to provide accessibility by removing barriers to access at its property as discussed in this Complaint, Plaintiff suffered emotional distress, humiliation, mental anguish, and other injuries.

25. A place of public accommodation "shall be deemed to include ... hotels." N.Y. Civ. Rights Law §40.

26. New York law mandates, "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation...." N.Y. Civ. Rights Law §40.

27. Defendant's property is a place of public accommodation as defined in §40.

28. N.Y. Civ. Rights Law §41 states, "Any person who or any agency, bureau, corporation or association shall violate any provisions of sections forty, forty-a, forty-b or forty-two or incite the violation of any said provisions, shall for each and every violation thereof be liable to a penalty of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the plaintiff or the defendant shall reside. also, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor."

29. Plaintiff, Mr. Van Winkle visited Defendant's property and encountered the discriminatory barriers discussed in this Complaint and seeks minimum statutory damages under §41.

30. By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendant, has, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, Van Winkle, because of his disability, the full enjoyment of its property.

31. Plaintiff, James Van Winkle, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award James Van Winkle statutory damages pursuant to N.Y. Civ. Rights Law §41, and compensatory damages pursuant to N.Y. Exec. Law Section 297(9) and award Plaintiff's attorney's fees, costs and expenses incurred prosecuting this action.

Dated: January 28, 2016

Respectfully submitted,

Asaad K. Siddiqi, Esq. (AS-9150)
Walder Hayden, P.A.
5 Becker Farm Road
Roseland, NJ 07068
973-992-5300
973-436-4226 - fax
aksiddiqi@walderhayden.com
-and-
Lawrence A. Fuller, Esq. (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com

Counsel for Plaintiff JAMES VAN WINKLE